IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL GANTT, *et al.*<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ERIC BILCICH, *et al.*,<br><br>　　　　Defendants. | Case No. 24-cv-00111-DKW-KJM<br><br>**ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On March 8, 2024, Plaintiffs Paul and Edna Gantt filed a Complaint against Defendants Eric and Mrs. Bilcich, alleging that Defendants wrongfully foreclosed upon and evicted them from their Kauaʻi property, seizing their belongings in the process. Dkt. No. 1. Simultaneously, Plaintiffs also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by persons who submit an affidavit demonstrating the inability to pay. Although Section 1915(a) does not require IFP applicants to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), they must nevertheless "allege poverty with some particularity, definiteness, and certainty." *Escobedo v.*

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

*Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicants "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Plaintiffs' IFP Application states *only* that they receive disability or worker's compensation payments. *See* Dkt. No. 3 at 1. They have not, however, provided the amount of those payments, nor have they answered *any* other question on the form. *See id.* at 1–2. In light of these deficiencies, the Court cannot properly assess whether Plaintiffs are capable of paying the filing fee or offering security for this case. Their IFP Application, Dkt. No. 3, is therefore DENIED WITHOUT PREJUDICE.

Should Plaintiffs wish to proceed in this action, they must either pay the civil filing fee or file a new *complete* IFP Application by **March 25, 2024.** Should Plaintiffs choose to complete a new IFP Application, they must *fully answer* all questions, including by specifying the amount of their disability/worker's compensation payments, noting any money they may have in cash or in a checking/savings account, listing their items of value, and providing any recurring monthly expenses, contributions towards dependents, and debts or financial obligations. **The Court cautions Plaintiffs that failure to file a complete application to proceed *in forma pauperis* or to pay the civil filing fee by**

**March 25, 2024 may result in dismissal without further consideration of the merits of this case and without further notice.**

The Clerk of Court is DIRECTED to mail Plaintiffs a blank Application to Proceed in District Court without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

DATED: March 11, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

<u>Paul Gantt, et al vs. Eric Bilcich, et al</u>; Civil No. 24-00111 DKW-KJM; **ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS**