IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL GANTT, *et al.*, | Case No. 24-cv-00111-DKW-KJM |
| Plaintiffs, | **ORDER DISMISSING CASE**[1] |
| vs. | |
| ERIC BILCICH, *et al.*, | |
| Defendants. | |

On May 2, 2024, the Court denied Plaintiffs Paul and Edna Gantt's application to proceed *in forma pauperis*, finding that they did not lack the financial means to pay the $405 filing fee while still being able to afford the necessities of life. Dkt. No. 10. The Court allowed Plaintiffs until May 17, 2024 to pay the fee, cautioning that should they fail to do so, this action would be dismissed without prejudice and without further notice. *Id.* at 3. Now, several days past that deadline, Plaintiffs have still not submitted the required fee. Consequently, this case is DISMISSED without prejudice, as more fully explained below.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). In

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* Here, after careful consideration of each factor, the Court finds that this case should be dismissed without prejudice.

First, for this case to proceed, Plaintiffs must pay the filing fee. *See* Dkt. No. 10; 28 U.S.C. § 1914(a). By failing to do so, Plaintiffs have delayed resolution of this case on the merits and hindered the public's interest in the expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Plaintiffs' failure to remit the filing fee also limits the Court's ability to manage its docket. Put simply, the Court cannot manage its docket where litigants such as the Gantts fail to timely respond to the Court's instructions and orders. Therefore, this factor also favors dismissal.

Third, permitting this action to sit idle would risk prejudice to Defendants. The Ninth Circuit has explained that the risk of prejudice is related to the plaintiff's reason for failing to prosecute an action. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 292 F.3d at 991). Here, Plaintiffs have neither sought an extension

to pay the filing fee, nor provided any excuse or rationale for their failure to do so. Given their unreasonable delay, this factor weighs in favor of dismissal. *See id.* at 643.

Fourth, the Court has already provided Plaintiffs with less drastic alternatives to no avail. Specifically, the Court's May 2, 2024 Order explicitly informed Plaintiffs that they were required to pay the $405 filing fee and advised that the failure to do so by the May 17, 2024 deadline would result in the automatic dismissal of this case. Dkt. No. 10 at 3. Nevertheless, Plaintiffs failed to comply. Accordingly, this factor also favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citations omitted)).

Finally, because public policy favors disposing of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In sum, as four out of five factors favor dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to timely remit the filing fee pursuant to the Court's May 2, 2024 Order. *See Ferdik*, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (finding that where the other four factors favor dismissal, they are not outweighed by public policy

favoring the resolution of cases on their merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: May 23, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

Paul Gantt, et al v. Eric Bilcich, et al; Civil No. 24-00111 DKW-KJM; **ORDER DISMISSING CASE**